**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
**TINA PARKS <u>et al.</u>,**              )
                                )
         **Plaintiffs,**         )
                                )
         **v.**                  )      **Civil Action No. 10-1460 (RWR)**
                                )
**DISTRICT OF COLUMBIA,**        )
                                )
         **Defendant.**          )
_____)


<u>**MEMORANDUM ORDER**</u>

Plaintiffs, the parents of seven students who allegedly
prevailed in seven separate administrative proceedings brought
under the Individuals with Disabilities in Education Act and the
Individuals with Disabilities in Education and Improvement Act
(collectively "IDEA"), codified at 20 U.S.C. § 1400 <u>et seq.</u>,
bring this action against the District of Columbia for attorneys'
fees and costs.  The District of Columbia has moved to dismiss
and sever the claims of all plaintiffs except for the lead
plaintiff, arguing that the claims are misjoined.  Because the
plaintiffs' claims satisfy the requirements for permissive
joinder under Federal Rule of Civil Procedure 20(a), the District
of Columbia's motion will be denied.

A court may, on motion or on its own, and on just terms,
sever misjoined parties.  Fed. R. Civ. P. 21.  A party is
misjoined if it does not meet the permissive joinder requirements

of Rule 20(a).  See Montgomery v. STG Int'l, Inc., 532 F. Supp.

2d 29, 35 (D.D.C. 2008).  Rule 20(a) allows multiple parties to

be joined if: 1) the claims arise from the same transaction or

occurrence or series of transactions or occurrences and 2) any

question of law or fact common to all plaintiffs arose in the

action.  Fed. R. Civ. P. 20(a).  Because joinder of parties can

promote convenience and expedite the resolution of parties'

claims, the prongs of Rule 20(a) are construed liberally.

Davidson v. Dist. of Columbia, 736 F. Supp. 2d 115, 119 (D.D.C.

2010).  To satisfy the same transaction or occurrence prong, "the

claims must be logically related."  Disparte v. Corporate Exec.

Bd., 223 F.R.D. 7, 10 (D.D.C. 2004).  This is a flexible test

where the "'impulse is toward entertaining the broadest possible

scope of action consistent with fairness to the parties[.]'"

Lane v. Tschetter, Civil Action No. 05-1414 (EGS), 2007 WL

2007493, at *7 (D.D.C. July 10, 2007) (quoting United Mine

Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).  Thus, a

court determines case by case whether a particular factual

situation constitutes a single transaction or occurrence or

series of transactions or occurrences.  M.K. v. Tenet, 216 F.R.D.

133, 138 (D.D.C. 2002).  The common question of law or fact prong

requires "only that there be some common question of law or fact

as to all of the plaintiffs' claims, not that all legal and

factual issues be common to all the plaintiffs."  Disparte, 223

F.R.D. at 11.  Even if parties are not properly joined under Rule
20(a), severance under Rule 21 may not be appropriate if doing so
would prejudice a party or result in undue delay.  See M.K., 216
F.R.D. at 138.

Several courts in this district have considered motions
under Rule 21 to sever in the IDEA context.  In Davidson, 736 F.
Supp. 2d at 117, the plaintiffs, parents of eighty-five disabled
students who had prevailed in 158 separate administrative IDEA
proceedings, sought attorneys fees.  The court held that the
plaintiffs had not satisfied the requirements of Rule 20(a)
because their claims arose "out of separate administrative
proceedings that resulted in separate [hearing officer
determinations] issued on different dates, involving, for the
most part, different students."  Id. at 120.  Additionally, the
court noted that "the plaintiffs have offered nothing to suggest
that the claims are logically related in any way."  In Battle v.
Dist. of Columbia, Civil Action No. 08-1449 (JR), 2009 WL
6496484, at *1 (D.D.C. Apr. 29, 2009), the plaintiffs challenged
five separate decisions rejecting the IDEA claims of five
different students by three different hearing officers.  The
court concluded that the plaintiffs' claims were misjoined
because "[t]here are no facts alleged in the complaint, such as
the existence of a written policy similarly affecting each

plaintiff's case, that support the plaintiffs' argument that their claims are somehow logically related[.]"  Id. at *2.

Courts in this district have also expressed a preference, albeit in dicta, for joining IDEA fee claims.  See Abraham v. Dist. of Columbia, 338 F. Supp. 2d 113, 122 (D.D.C. 2004) (noting that bundling fee applications would "reduce the number of individual lawsuits and ultimately save the parties and the Court time and energy"); Armstrong v. Vance, 328 F. Supp. 2d 50, 55-56 (D.D.C. 2004) (endorsing "actions that include multiple fee requests" because "while each fee petition will be considered separately, combining them in one complaint avoids burdening the Court with multiple actions").  But see Davidson, 736 F. Supp. 2d at 121 n.4 ("[A]lthough the plaintiffs point out that some courts in this district have expressed in dicta a preference for joining multiple IDEA fee litigation claims in a single case, nothing in those decisions suggests that such a preference permits the joinder of unrelated claims that do not satisfy the requirements of Rule 20(a).").

Here, the District of Columbia argues that the plaintiffs' claims do not meet the permissive joinder standard of Rule 20(a) because "each claim involves different Hearing Officers, who conducted hearings on differing dates, resulting in different [hearing officer determinations].  The [hearing officer determinations] each involve separate facts and legal issues, and

each affects a separate student, with unique needs and circumstances." (Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss and to Sever at 4 (internal citation omitted).) However, unlike in Battle, the plaintiffs here are not seeking review of their hearing officer determinations, and emphasizing the differences in the underlying IDEA claims obscures the similarities between the plaintiffs' claims for fees.[1] Elizabeth Jester, Esq. represented all seven plaintiffs at their IDEA hearings and charged the same hourly rate and costs for each plaintiff. (Pl.'s Opp'n to Def.'s Mot. to Dismiss and Sever ("Pl.'s Opp'n") at 2-3.) Additionally, the plaintiffs allege that the District of Columbia applied a common billing practice to reduce the fees it paid for all plaintiffs' claims at issue. (Id. at 4.) This claim finds support in the District of Columbia's admission that it capped all of the plaintiffs' claims under a Congressionally-imposed fee cap of $4,000. (Def.'s Reply at 3.) That the District ostensibly applied a common policy to reduce all of the plaintiffs' fee requests provides a sufficient basis for concluding that there is a logical relationship between the plaintiffs' fee requests, such that they satisfy the first prong of Rule 20(a). See Disparte, 223 F.R.D. at 16 (finding the

---

[1] To evaluate a claim for fees, a court must determine whether the plaintiffs are prevailing parties, what kind and quality of legal services the attorneys furnished, and whether the billing rates were reasonable when compared to the prevailing rates in the community. 20 U.S.C. § 1415(i)(3).

first prong of Rule 20(a) satisfied in the context of an employment discrimination claim where plaintiffs alleged that they were subject to a common policy of the defendant); cf. Battle, 2009 WL 6496484, at *2 (noting the absence of a "policy similarly affecting each plaintiff's case").  Additionally, since the plaintiffs' attorney states that she charged the same hourly rate for all plaintiffs (Pl.'s Opp'n at 3), the reasonableness of that rate is a question of fact common to all claims.  The plaintiffs' claims therefore also satisfy the second prong of the Rule 20(a) analysis.  Thus, unlike in Davidson, the plaintiffs have provided a basis for concluding that their claims are related.

The plaintiffs' claims are properly joined because there is a logical relationship between them and because they share a common question of fact.  Accordingly, it is hereby

ORDERED that the District of Columbia's motion [3] to dismiss and to sever be, and hereby is, DENIED.

SIGNED this 20th day of June, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge