UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
TINA PARKS, <u>et al.</u>,       )
                                  )
          Plaintiffs,             )
                                  )
          v.                      )      Civil Action No. 10-1460 (RWR)
                                  )
DISTRICT OF COLUMBIA,             )
                                  )
          Defendant.              )
_____ )

<u>MEMORANDUM OPINION</u>

The plaintiffs, parents of seven students who prevailed in separate administrative proceedings brought under the Individuals with Disabilities in Education Act and the Individuals with Disabilities in Education Improvement Act (collectively, "IDEA"), 20 U.S.C. § 1400 *et seq.*, bring this action against the District of Columbia (the "District") for attorneys' fees and costs incurred in those proceedings and for prejudgment interest. Plaintiffs move for summary judgment, seeking compensation for counsel at an hourly rate of $400 and for paralegal work at an hourly rate of $125. The District contends that fees should be limited to the lower rates provided in the District of Columbia Public Schools ("DCPS") fee guidelines. The District also maintains that certain charged hours are not compensable and that the plaintiffs are not entitled to prejudgment interest. Because the hourly rates requested by the plaintiffs are not warranted

given the modest intricacy of the underlying administrative actions, the requested fees will be reduced to compensate counsel at an hourly rate of $350 and to compensate for paralegal work at an hourly rate of $98.  Because the charges challenged by the District bear a reasonable relationship to the IDEA proceedings, they are compensable expenses.  Equitable factors, however, do not warrant an award of prejudgment interest on the District's outstanding payment of fees.  Thus, the plaintiffs' motion will be granted in part and denied in part.

<u>BACKGROUND</u>

The administrative proceedings for which the plaintiffs seek attorneys' fees and costs occurred in 2008 and 2009.  (Pls.' Statement of Material Facts as to which There is No Dispute ("Pls.' Statement") ¶ 3, 9, 19, 25, 35, 41, 47.)  The District does not dispute that the plaintiffs prevailed in the proceedings and therefore are entitled to recover fees.  (Def.'s Resp. to Pls.'s Statement of Material Facts ("Def.'s Resp.") ¶¶ 4, 10, 20, 26, 36, 42, 48.)  Elizabeth Jester, an attorney with over thirty years experience, served as counsel to each of the plaintiffs in the IDEA proceedings.  (Pls.' Mot. Summ. J. ("Pls.' Mot."), Declaration of Elizabeth Jester, Esq. ("Jester Decl.") ¶ 2.)  Jester's paralegal, Mery Williams, worked part-time on the plaintiffs' administrative cases.  (<u>Id.</u> ¶ 15.)  Williams has over

-3-

eighteen years of experience working as a paralegal and has
formal paralegal training.  (Id.)

Plaintiffs seek an award of attorneys' fees at an hourly
rate of $400 for Jester and $125 for Williams.  (Pls.' Mem. of P.
& A. in Support of Pls.' Mot. Summ. J. ("Pls.' Mem.") at 7, 9.)
The plaintiffs argue that such rates are reasonable in light of
the prevailing market rates, counsel's experience, and the
complexity of the administrative proceedings.  They emphasize
that the requested rates are below the rates indicated in the
Laffey matrix, a schedule maintained by the United States
Attorney's Office for the District of Columbia for compensation
of federal litigators.  (Id. at 7-9.)  The Laffey rate for 2008-
2009 and 2009-2010 is $465 per hour for attorneys with Jester's
level of experience and $130 for paralegal work.  (Pls.' Mot.,
Ex. 33, Laffey matrix.)  They argue that the District is liable
for prejudgment interest because it has paid only a portion of
the fees owed to each plaintiff.

The District argues that the Laffey matrix is an
inappropriate measure of the reasonableness of counsel's fees
because it was designed to govern fee awards in *complex* federal
litigation.  (Def.'s Mem. of P. & A. in Opp'n to Pl.'s Mot. Summ.
J. ("Def.'s Opp'n") at 4-6.)  The District characterizes the
plaintiffs' administrative proceedings as straightforward and
argues that the DCPS fee guidelines, which prescribe an hourly

-4-

rate of $300 for attorneys and $90 for paralegals, should govern the award in this case. (Id. at 10-13.)  The District further argues that specific charges as to plaintiffs Parks, Timms, and West are too remote in time from the administrative proceeds and thus not compensable. (Id. at 15-16.)  Relevant information regarding the underlying IDEA proceedings and fee payment to date for each plaintiff is as follows.

I.   TINA PARKS AND J.P.

Plaintiffs Tina Parks and student J.P. filed a due process complaint against the District on December 19, 2008 alleging that DCPS had denied the student a free appropriate public education ("FAPE") suitable to the student's special education needs. (Pls.' Mot., Ex. 1, Hearing Officer's Decision and Order ("HOD") at 1.)  The plaintiffs reached a settlement of their IDEA claim against the District on the record in an administrative hearing held on January 21, 2009. (Id.)  In February of 2009, the plaintiffs submitted a petition for attorney's fees and costs in the amount of $12,781.95 to DCPS. (Pls.' Statement ¶ 5.)  In June of 2009, the District processed the invoice and paid $4000.00[1] to the plaintiffs. (Id. ¶¶ 6-7.)  The District

---

[1] The District's payments to plaintiff Parks and to other plaintiffs were made in accordance with a fee cap imposed by District of Columbia law that prevents the District from paying more than $4,000 in attorney's fees for an IDEA action. "While the applicable appropriations fee cap limits the District's ability to pay, it does not limit the Court's authority to award attorney's fees." A.C. ex rel. Clark v. District of Columbia,

disputes the reasonableness of the attorney's fees and costs
claiming "excessive hourly rates" and "erroneous and non-
reimbursable time entries." (Def.'s Resp. ¶¶ 5, 8.)

II.  THOMAS COX, SR., DELORES LEWIS AND D.C.

Plaintiffs Thomas Cox, Sr., Delores Lewis, and student D.C.
filed a due process complaint alleging denial of a FAPE on
November 7, 2008. (Pls.' Mot., Ex. 5, HOD at 1.)  The parties
reached an agreement to settle the complaint on the record in a
hearing on December 11, 2008. (Id.)  The HOD reflects that the
plaintiffs had introduced seventeen exhibits into the record and
that DCPS had introduced sixteen exhibits. (Id. at 2.)  In
January of 2009, Jester submitted to DCPS a petition for
attorney's fees and costs in the amount of $10,100.29. (Pls.'
Statement ¶ 11.)  On March 16, 2009, DCPS paid the plaintiffs
$4,000.00. (Id. ¶ 13.)  On June 17, 2009, the plaintiffs
submitted a supplemental petition to DCPS for $5,414.89 in
attorney's fees and costs, but no payment has been made
concerning the supplemental petition. (Id. ¶¶ 14, 16.)  The
District does not dispute the lack of payment on the supplemental
invoice, but it asserts that the plaintiffs are "not entitled to
payment of a fee award greater than $4,000.00." (Def.'s Resp.

---

674 F. Supp. 2d 149, 154 (D.D.C. 2009) (citing Calloway v.
District of Columbia, 216 F.3d 1, 12 (D.C. Cir. 2000)).

¶ 16.)  The District further disputes that $15,515.18 is a reasonable amount for attorney's fees and costs. (<u>Id.</u> ¶ 17.)

## III. TRINETTA MCCLAM AND N.M.

Plaintiffs Trinetta McClam and student N.M. filed a due process complaint on December 24, 2008 and prevailed in establishing that DCPS had denied the student a FAPE in an administrative hearing held on January 26, 2009. (Pls.' Mot., Ex. 11, HOD at 1, 8.)  The hearing record included thirty-three exhibits from the plaintiffs, thirty-four exhibits from DCPS, and the testimony of four witnesses. (<u>Id.</u> at 8.)  On February 23, 2009, the plaintiffs submitted to DCPS a petition for attorney's fees and costs in the amount of $16,844.88. (Pls.' Statement ¶ 21.)  DCPS paid $4,000.00 in June of 2009. (<u>Id.</u> ¶¶ 22-23.) The District disputes the reasonableness of the outstanding charged amount. (Def.'s Resp. ¶ 24.)

## IV. ELIZABETH RIHANI AND H.R.

Plaintiffs Elizabeth Rihani and student H.R. brought a due process complaint against DCPS on October 29, 2008. (Pls.' Mot., Ex. 15, HOD at 1.)  In a proceeding held on December 4, 2008, the hearing officer found that DCPS had denied the student a FAPE. (<u>Id.</u> at 4.)  The plaintiffs entered nineteen exhibits into the record and called one witness, and DCPS entered six exhibits into the record. (<u>Id.</u> at 1.)  In January of 2009, Jester submitted an invoice to DCPS for attorney's fees and costs in the amount of

$8,480.87.  (Pls.' Statement ¶ 27.)  On March 16, 2009, DCPS paid the plaintiffs $4,388.50.  (Id. ¶ 29.)  On June 1, 2010, the plaintiffs submitted a supplemental invoice to DCPS for $7,536.24 in attorney's fees and costs, but no payment has been made concerning the supplemental invoice.  (Id. ¶¶ 30, 32.)  The District does not dispute not paying the supplemental invoice, but maintains that the plaintiffs are not entitled a fee award greater than $4,000 and disputes the reasonableness of the requested fees.  (Def.'s Resp. ¶¶ 32-33.)

V.   NATALIE TIMMS AND N.T.

Plaintiffs Natalie Timms and student N.T. prevailed on a December 10, 2008 due process complaint alleging denial of a FAPE in a hearing held on January 13, 2009.  (Pls.' Mot., Ex. 20, HOD at 2.)  The record included twenty-two exhibits and the testimony of three witnesses on behalf of the plaintiffs and the testimony of five witnesses on behalf of DCPS.  (Id.)  On February 9, 2009, the plaintiffs sent to DCPS a petition for attorney's fees and costs in the amount of $15,974.79.  (Pls.' Statement ¶ 37.)  In June of 2009, DCPS processed and paid the plaintiffs $4,000.00.  (Id. ¶¶ 38-39.)  The District disputes that $15,974.79 is a reasonable sum for attorney's fees and costs and disputes specific charges as non-compensable.  (Def.'s Resp. ¶ 40.)

-8-

VI.  ANNEZETTA WEST AND E.W.

In a February 5, 2009 hearing, plaintiffs Annezetta West and student E.W. prevailed in establishing that DCPS had denied the student a FAPE, as alleged in a December 11, 2008 due process complaint. (Pls.' Mot., Ex. 24, HOD at 2, 12-14.)  The hearing record included nineteen exhibits from the plaintiffs and nine exhibits from DCPS. (Id. at 2-3.).  In February of 2009, the plaintiffs sent a petition for attorney's fees and costs in the amount of $18,004.01 to DCPS. (Pls.' Statement ¶ 43.)  DCPS paid the plaintiffs $4,000.00. (Id. ¶ 45.)  The District disputes the reasonableness of the attorney's fees, claiming "excessive hourly rates" and "erroneous and non-reimbursable time entries." (Def.'s Resp. ¶¶ 43, 46.)

VII. MELINDA WILLIAMS AND M.W.

Plaintiffs Melinda Williams and student M.W. brought a due process complaint on November 18, 2008, alleging the denial of a FAPE, and reached a settlement on the record in an administrative proceeding on December 18, 2008. (Pls.' Mot., Ex. 28, HOD at 1-2.)  The hearing record reflects that the plaintiff filed thirty exhibits and DCPS filed five exhibits. (Id. at 1.)  On January 16, 2009, plaintiffs submitted to DCPS an invoice in the amount of $14,093.70. (Pls.' Statement ¶ 49.)  On February 9, 2009, plaintiffs submitted a supplemental invoice in the amount of $2,342.22. (Id. ¶ 50.)  DCPS paid the plaintiffs $1,682.00 in

-9-

June 2009.  (<u>Id.</u> ¶ 52.)  The plaintiffs allege there has been no
payment on the original invoice.  (<u>Id.</u> ¶ 54).  The District does
not dispute not paying the original invoice for $14,753.92, but
alleges that it never received the invoice and contests the
reasonableness of the requested fees.  (Def.'s Resp. ¶¶ 53, 55.)

## DISCUSSION

Section 1415(i)(3)(B) of the IDEA authorizes federal
district courts to exercise discretion to award reasonable
attorneys' fees as part of the costs to the parents of a child
with a disability who is the prevailing party in an
administrative proceeding.  20 U.S.C. § 1415(i)(3)(B).[2]  Awards
under the IDEA comply with the general rule that "a 'reasonable'
attorneys' fee is based on the reasonable number of hours
expended multiplied by a reasonable hourly rate."  <u>Bucher v.
District of Columbia</u>, 777 F. Supp. 2d 69, 73 (D.D.C. 2011); <u>see
also</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) ("The most
useful starting point for determining the amount of a reasonable
fee is the number of hours reasonably expended on the litigation
multiplied by a reasonable hourly rate.")  The burden lies on the
plaintiff to establish the reasonableness of the hourly rate, as
well as the reasonableness of the amount of time spent on
particular tasks.  <u>Rapu v. D.C. Pub. Sch.</u>, 793 F. Supp. 2d 419,

---

[2] As is noted above, the District does not dispute that the
plaintiffs are prevailing parties under the IDEA.

-10-

423 (D.D.C. 2011) (citing In re North, 59 F.3d 184, 189 (D.C. Cir. 1995)).

Determining an appropriate hourly rate requires evidence of an attorney's billing practices, skill, experience, and reputation, along with evidence of the hourly rates prevailing in the attorney's community.  Jackson v. District of Columbia, 696 F. Supp. 2d 97, 101 (D.D.C. 2010).  In addition, detailed invoices that show how much time was spent on specific tasks suffice to enable courts to independently determine the reasonableness of hours claimed.  Id.  "By providing such information, a plaintiff establishes a presumption that the number of hours billed and the hourly rate are reasonable, and the burden shifts to the defendant to rebut the plaintiff's showing of reasonable hours and reasonable hourly rates for attorneys of the relevant level of skill and expertise."  Rooths v. District of Columbia, 802 F. Supp. 2d 56, 60 (D.D.C. 2011).  Although it is a motion for summary judgment by which plaintiffs seek attorney's fees, the typical summary judgment standard is inapposite here.  The IDEA authorizes a court to award fees "in its discretion" and to base the award on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(B)-(C).  That reasonable jurors might disagree about the appropriate rate of compensation does not preclude resolution of plaintiffs'

-11-

motion.  See Copeland v. Marshall, 641 F.2d 880, 893 (D.C. Cir.
1980) (stating that Title VII's attorney fee provision, which is
substantially similar to that of the IDEA, "ask[s] only that the
district court judges exercise their discretion as
conscientiously as possible, and state their reasons as clearly
as possible").

I.   HOURLY RATES

     "Courts in this district routinely refer to the *Laffey*
Matrix to determine the reasonableness of requested attorney's
fees in IDEA actions."  B.R. ex rel. Rempson v. District of
Columbia, 802 F. Supp. 2d 153, 164 (D.D.C. 2011).  The matrix
derives its names from Laffey v. Northwest Airlines, Inc., 572 F.
Supp. 354 (D.D.C. 1983), in which the court considered a proposed
schedule of hourly rates for compensation of lawyers "first
developed based upon information about the prevailing rates
charged by federal litigators in the District[.]"  Rooths, 802 F.
Supp. 2d at 61.  The United States Attorney's Office for the
District of Columbia now maintains a Laffey matrix for attorney's
fees, based on levels of experience and the local Consumer Price
Index.  Many courts find that the Laffey rate is presumptively
reasonable.  See, e.g., Rempson, 802 F. Supp. 2d at 163 (stating
that "attorney's fees in IDEA actions in the District of Columbia
are reasonable if they conform to the *Laffey* Matrix created by
the United States Attorneys' Office"); Rapu, 793 F. Supp. 2d at

-12-

424 (stating that "the Court will use the *Laffey* Matrix as the
benchmark for prevailing market rates in this [IDEA] case").
Plaintiffs, however, must provide adequate evidence of counsel's
experience and qualifications.  In <u>Rapu</u>, for example, the court
found that the plaintiff had failed to produce sufficient
evidence regarding the attorney's skills, experience, and
reputation, and exercised its discretion to reduce the <u>Laffey</u>
rate by 20 percent.  <u>Rapu</u>, 793 F. Supp. 2d at 426.  Other courts
treat the <u>Laffey</u> matrix as providing "the *highest* rates that will
be presumed to be reasonable when a court reviews a petition for
statutory attorneys' fees."  <u>Rooths</u>, 802 F. Supp. 2d at 61
(emphasis added).  Lower rates may be warranted where the
defendant shows that the proceedings for which compensation is
sought were straightforward or otherwise not demanding of
counsel's skills and experience.  <u>Id.</u>  For example, in <u>Agapito</u>,
the court found that the IDEA case before it was not complicated
on the grounds that "[t]here were no pre-hearing interrogatories
or discovery, no production of documents or depositions, no
psychiatrists or psychologists testifying about learning
disabilities, no briefings of intricate statutory or
constitutional issues, no pre-trial briefings, no lengthy
hearings, no protracted arguments, and few, if any, motions

-13-

filed." <u>Agapito v. District of Columbia</u>, 525 F. Supp. 2d 150, 152 (D.D.C. 2007).[3]

Plaintiffs request an hourly rate of $400, contending that the underlying proceedings were complex and that "[e]ach Plaintiff either had to go through a lengthy hearing or was able to reach a settlement on the record *after* the hearing was formally convened." (Pl.'s Reply at 2.) In addition, they state that resolving the matters "required knowledge of the law, the psychological and academic underpinnings of each minor Plaintiff's disabilities, procedural and substantive rules, and the ability to present all of this in a cohesive and understandable manner." (<u>Id.</u>) The District argues that the DCPS Attorney Fees Guidelines, which specify an hourly compensation rate of $300, should apply. Courts in this district have noted, however, that the factual predicate for applying these guidelines

---

[3] Some courts identify a reasonable fee without any reference to the matrix. <u>See, e.g.</u>, <u>A.C. ex rel. Clark v. District of Columbia</u>, 674 F. Supp. 2d 149, 155-56 (D.D.C. 2009) (finding the "Matrix . . . inapplicable because it is intended to apply to complex federal litigation and almost all of the attorney's fees in question are the result of counsel's preparation for attendance at routine administrative hearings" and instead proceeding "to rely on the typical range of hourly rates charged by attorneys who handle IDEA cases in this jurisdiction, the range of judicially determined hourly rates in cases involving Plaintiffs' counsel and the nature of the work performed in order to determine a reasonable hourly rate.") However, decisions such as these still look to other "cases involving Plaintiffs' counsel," <u>id.</u>, and other "judicially determined rates," <u>id.</u>, which themselves often refer to the <u>Laffey</u> matrix. As a practical matter, the matrix is widely used as the touchstone for determining reasonable rates.

-14-

is weak.  See Rooths, 802 F. Supp. 2d at 62 (declining to apply

the DCPS guidelines where the District "ma[de] no attempt to

explain why those Guidelines are reliable evidence of prevailing

market rates, or why a defendant should be permitted to set the

rate at which plaintiff's counsel is compensated").  Here, as in

past cases, the District presents no "evidence that these

Guidelines went through any kind of process for the issuance of

administrative regulations, where public comment could be

submitted and considered."  Cox, 754 F. Supp. 2d at 76.[4]  The

affidavit of Quinne Harris-Lindsey, on which the District relies

and which was originally filed in 2010 in a separate case, merely

asserts that "$300 per hour is consistent with the rate paid [by

the District] to attorneys" such as "Jester [who] has at least 19

years experience in special education matters."  (Def.'s Opp'n,

Ex. H, Harris-Lindsey Decl. ¶ 6.)  In addition, the District's

contention that the Laffey matrix is relevant only to complex

federal litigation of the sort addressed in the Laffey decision

itself has not widely prevailed.  As is discussed above, courts

in this district often use the matrix as a benchmark for awarding

---

[4]While the Laffey matrix has not been subjected to the
administrative process, the framework was approved by the
District Court in Laffey and is maintained by the United States
Attorney's Office for the District of Columbia.  (Pls.' Mot., Ex.
33, Laffey matrix.)  The index is updated annually based on
changes in the cost of living as measured by the Consumer Price
Index for All Urban Consumers in the D.C. area announced by the
Bureau of Labor Statistics.  (Id.; see also Rooths, 802 F. Supp.
2d at 61.)

fees in IDEA cases.  The District does not explain why "IDEA administrative proceedings, which typically require testimony from education experts regarding whether a student has been denied a free and public education and the need for any compensatory educational services, are categorically less complex than other forms of litigation."  Jackson, 696 F. Supp. 2d at 102.

The plaintiffs' requested rate of hourly compensation is less than the Laffey rate of $465, a point that the plaintiffs argue gives rise to a presumption of reasonableness.  IDEA proceedings are highly fact-intensive and often intricate and may in appropriate circumstances warrant fees equal to or near the Laffey rate.  The record, however, does not justify the plaintiffs' position that the proceedings here were especially complex.  Plaintiffs stated that "[i]n each case, a Complaint was filed, an Answer was filed, a pre-hearing conference was held, a pre-hearing order was issued, materials were disclosed including witnesses with proposed testimony and exhibits," and that "[e]xpert witnesses were involved in 6 of the 7 instant cases." (Pls.' Reply at 2.)  This representation of the proceedings reflects that the work of plaintiffs' counsel, as distinct from the District's counsel or the hearing officer, consisted of initiating the proceeding, attending the preliminary hearing as well as the hearing memorialized in the HOD, and engaging in

discovery and exchange of expert testimony materials.  Although the plaintiffs state that experts were "involved" in the majority of the proceedings, plaintiffs do not assert, and none of their itemized entries shows, that any extensive preparation of witnesses occurred.  Plaintiffs' submission does not indicate that counsel filed any motions let alone motions asserting novel or complex legal claims.  Moreover, the HOD as to each of the seven plaintiffs is relatively short and does not describe any extraordinarily lengthy proceedings between the parties.

Plaintiffs have not established that their administrative hearings were as complex as those in, for example, Cox, where the court awarded Jester fees at her requested rate of $400.  There, the court noted that "any reading of the comprehensive decisions by the two Hearings Officers in these cases demonstrates" the complexity of the underlying administrative cases.  In the case of one plaintiff, the court noted that the case "took nearly two years -- which included a suspension from school and a two-week stay in a psychiatric hospital -- and a hearing with sixty-five documentary exhibits, four witnesses, and written closing statements" to resolve.  Cox, 754 F. Supp. 2d at 76.  With regard to the other plaintiff, the court stated that the administrative case "took more than seven months and a hearing with fifty documentary exhibits, four witnesses, and written closing statements to obtain a ruling [favorable to the plaintiff]."  Id.

Even less complicated proceedings, as well as settlement
negotiations, certainly do demand skill and intimate familiarity
with the facts and record as to each minor child.  See id.
(noting generally that "in order to handle special education
cases effectively, counsel must know far more than IDEA law [and]
it is essential that counsel understand the bureaucratic workings
of that [DCPS] system, know competent and caring individuals in
that system who can break logjams and obtain necessary
evaluations, reports, and materials, and then assure provision of
whatever FAPE is deemed appropriate").  However, the record in
this case reflects that the proceedings and the settlements talks
here were of only modest intricacy.  The hearing or settlement
conference as to each of the affected minor plaintiffs was only
several hours long and the plaintiffs do not describe that any
novel or unusual difficulties arose.

    In circumstances where IDEA proceedings were fairly routine,
courts have awarded fees at an "hourly rate equal to
three-quarters of the USAO *Laffey* rate."  Rooths, 802 F. Supp. 2d
at 63; see also Muldrow v. Re-Direct, Inc., 397 F. Supp. 2d 1,
4-5 (D.D.C. 2005) (deciding in a "relatively straightforward"
§ 1983 action for negligence and civil rights violations to
reduce the fee award "based on Laffey rates by 25 percent to
ensure that the award is 'reasonable' for this type of
litigation").  In this action, the record supports a similar

-18-

rate, which is in between the $300 proposed by the District and the $400 requested by the plaintiffs, as a reasonable one.  The fee award therefore will be calculated at an hourly rate of $350 as to each of the seven plaintiffs.  An analogous rate of $98, or three-quarters the Laffey rate of $130, will be employed for the paralegal work.

II.  CLERICAL TASKS

The District challenges the plaintiffs' request for compensation at attorneys' rates for clerical and other non-professional tasks.  (Defs.' Opp'n at 13.)  The District argues that plaintiffs' counsel has support staff and cannot justify charging higher, professional rates for tasks such as preparing and reviewing fee petitions and routine phone consultations. (Id. at 14; see also id., Exs. A-G.)  Courts may permit compensation at professional rates for clerical tasks where the attorney is a solo practitioner or works in a small firm without a staff of junior attorneys.  See, e.g., Bailey v. District of Columbia, 839 F. Supp. 888 (D.D.C. 1993), abrogated on other grounds, Goldring v. District of Columbia, 416 F.3d 70 (D.C. Cir. 2005); Bucher v. District of Columbia, 777 F. Supp. 2d 69, 75 (D.D.C. 2011) (permitting compensation at attorney's rate for tasks such as calls and school records requests where "Plaintiffs' counsel does not have office staff and must perform such activities herself").  Although plaintiffs' counsel is not a

solo practitioner, she operates in a small firm with only part-time support staff.   Jester avers that "[d]uring the pendency of this matter, . . . she did not have a full-time or part-time paralegal or any other staff to assist her," the "only exception" being "work done by paralegal Mery Williams in preparing the attorney fee petitions as a free-lance contractor." (Supplemental Declaration of Elizabeth T. Jester, Esq. ¶ 3.) Because counsel "lack[ed] the resources to retain a large staff of junior lawyers who could handle [clerical] tasks more economically," Bailey, 839 F. Supp. at 891, her claimed fees for making calls and reviewing fee petitions will be allowed.

The District also disputes the rates at which the plaintiffs have charged for faxing and copying documents, mileage, postage, and messenger services.  (Defs.' Opp'n, Exs. A-G.)  Plaintiffs maintain that the charged amounts are at "the rates approved by the federal government," and used in "D.C. Superior Court in paying costs incurred by attorneys in court appointed cases." (Pls.' Reply at 15-16.)  The rates for administrative expenses presented in plaintiffs' invoices appear reasonable and the District's objections "are of the 'nit-picking' variety which the Circuit has warned against." Cox, 754 F. Supp. 2d at 78 (quoting Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense, 675 F.2d 1319, 1337-38 (D.C. Cir. 1982)).  The administrative costs therefore will be awarded at the rates requested.

III. SPECIFIC CHARGES AS TO PARKS, TIMMS, AND WEST

     The District challenges charges that it considers too remote
in time or otherwise unrelated to the underlying IDEA
proceedings.  (Defs.' Opp'n at 15; id., Exs. A, E, and F.)  The
District concedes that "it is not unreasonable to conclude that
activities by counsel in preparation of a hearing, or subsequent
advice to a client immediately after the issuance of an HOD, are
acceptably related to the statutory 'action' or 'proceeding.'"
(Def.' Opp'n at 15.)  However, it maintains that the plaintiffs
request compensation for charges that "have no temporal
proximity" to the proceedings and are in certain cases "undefined
and vague."  (Id. at 16.)  As to all the contested charges,
plaintiffs maintain that "counsel has an ethical obligation to
investigate each case before filing a complaint and make sure the
case had been properly prepared so that once the case is filed,
Plaintiff can proceed to a hearing and achieve a successful
outcome."  (Pls.' Reply at 13.)

     As to plaintiff Parks, the District disputes 8.4 hours of
time charged between October 21, 2008 and December 16, 2008.
(Def.'s Opp'n, Ex. A.)  Plaintiffs may establish a reasonable
basis for the charge "merely on a showing . . . that each charge
was tied to a particular hearing."  Lax v. District of Columbia,
Civil Action No. 04-1940 (HHK), 2006 WL 1980264, at *4 (D.D.C.
July 12, 2006).  Courts have found work completed up to a year in

-21-

advance of a hearing to fall within "an entirely reasonable
window of time to be engaging in productive work that will result
in a favorable administrative decision." Id.; see also Cox, 754
F. Supp. 2d at 78 (finding work done approximately four months in
advance of hearing was reasonable).  It was reasonable for
counsel to have included charges as early as October 21, 2008
since counsel filed her administrative complaint just two months
later, on December 19, 2008.  Plaintiffs explained that "[d]uring
this two month period . . . counsel met with the client,
investigated the case, consulted with staff members at . . . the
school Plaintiff was attending and explored alternative school
placements." (Pls.' Reply at 10; see also Pls.' Mot., Ex. 2,
Attorney Fee Invoices at 4-5.)  The claimed charges are
reasonably related in time and in substance and therefore
allowable.

The charges as to plaintiff Timms are also sufficiently
connected, temporally and substantively, to the underlying
administrative proceedings.  Defendants dispute as too remote
14.5 hours of work performed between August 19, 2008 and
December 9, 2008.  (Def.'s Opp'n, Ex. E.)  Plaintiffs explain
that several months before filing their due process complaint,
counsel communicated with the client, investigated the case,
consulted with staff members at DCPS, facilitated a psychiatric
evaluation of the student, and secured a placement at an

-22-

appropriate residential school.  (Pls.' Reply at 11; <u>see also</u>
Pls.' Mot., Ex. 21, Attorney Fee Invoices at 4-5.)  After the
HOD, counsel spent time assisting the plaintiff with paperwork
related to the enrollment in the residential school.  (Pls.'
Reply at 10, 11, 13.)  The disputed charges are reasonable and
will be allowed.

        With regard to plaintiff West, as well, the plaintiffs have
carried their burden to show that the invoiced charges are
reasonable.  The District contends that 6.7 hours of work
performed between October 22, 2008 and November 25, 2008 bears no
temporal or substantive relationship to the administrative
hearing.  (Def.'s Opp'n, Ex. F.)  The plaintiffs maintain that
time before the filing of the due process complaint was spent
communicating with DCPS staff regarding the need for a new
individualized education program, additional school services, and
an appropriate school placement.  (Pls.' Reply at 12.)  These
disputed charges are related substantively and temporally to the
administrative proceedings and will be allowed.

IV.  PREJUDGMENT INTEREST

        Plaintiffs ask for an award of prejudgment interest on all
unpaid fee balances as compensation for the loss of use of their
money.  (Pls.' Mot. at 11-12.)  Plaintiffs maintain that D.C.
Code § 15-108, which permits prejudgment interest in order "to
recover a liquidated debt on which interest in payable by

contract or by law or by usage," authorizes an award in this
case.  The present action, however, is not properly characterized
as one for a liquidated debt, or for a sum certain.  Rather, this
suit for attorneys' fee under the IDEA is brought on "summary
judgment to establish *whether* the District is liable for the
remainder of the requested attorney fees."  <u>Wright v. District of
Columbia</u>, Civil Action No. 11-0384 (AK), 2012 WL 79015, at *6
(D.D.C. Jan. 11, 2012) (emphasis added).  In general, a court's
award of prejudgment interest is a discretionary judgment subject
to equitable considerations.  <u>Oldham v. Korean Air Lines Co.</u>, 127
F.3d 43, 54 (D.C. Cir. 1997).  Here, the District generally made
a payment of attorneys' fees to the plaintiff promptly after
receipt of invoices.  Although it relied on its own fee matrix,
rather than the rates found to be reasonable here, the District
did not act in manifest bad faith.  <u>Cf.</u> <u>Kaseman v. District of
Columbia</u>, 329 F. Supp. 2d 20, 28-29 (D.D.C. 2004) (awarding
prejudgment interest where "DCPS ha[d] completely stonewalled
requests for payment, and . . . presented reasons for rejecting
requests that often bordered on the absurd").  Courts determine
reasonable hourly rates on a case-by-case basis and, although the
<u>Laffey</u> matrix is often employed, the parties could reasonably
disagree regarding the complexity of the IDEA proceedings and the
proper rates.

-24-

CONCLUSION

The plaintiffs' motion will be granted in part and denied in part. The award will be based upon a reduced hourly compensation rate of $350 for counsel and $98 for paralegal work. The challenged claims for clerical tasks and for work performed for plaintiffs Parks, Timms, and West will be allowed. The claim for prejudgment interest will be denied. An appropriate order accompanies this memorandum opinion.

SIGNED this 28th day of September, 2012.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge